Shattck, J.
Since the cause of action upon which the recovery was had in the court of common pleas did not allege either that there was a structural defect in the walk or that the city in any way caused or contributed to the accumulation of the ice upon which Tuttle received his injury, the demurrer raises substantially the same question which was determined in Chase v. The City of Cleveland, 44 Ohio St., 505, where a recovery was denied. It is quite apparent that upon the general subject of the right to recover against municipalities for injuries received upon icy streets the decisions of the courts of last resort are not all reconcilable. But the substantial considerations involved in the discussion seem to justify the conclusion reached in the case cited. All attempts to distinguish the cases because of the form of municipal government have failed, for at last the burden rests not upon an intangible municipal government but upon the taxpayers of the municipality. The ultimate question is to what extent should the power of taxation be exercised for the purpose of indemnifying persons who are thus injured. No one asserts that it may be exercised to the full extent that would be required to constitute the municipality an insurer against accidents. Upon the other hand, it is admitted that it should be exercised to the extent which may be necessary to enforce the liability of a city for default in duty with respect to the construction and maintenance of streets and walks. Accordingly all substantial structural defects which occasion injury to one who is exercising due care are recognized as constituting a ground of lia *245 bility. But tbe city is not required to construct sidewalks. If it exercises tbe power by wbicb it is authorized to construct them it must in its exercise act with due care with regard to the safety of travelers. Not being required to construct walks it cannot reasonably be held liable on account of perils which are not due to their construction.
Recurrence to a very elementary proposition seems necessary. The proposition is that in cases of this character there is no liability where there has been no default in duty. No default of the municipality appears in cases of this character when the peril is not due to defective construction or to any other act of the city contributing to or causing the dangerous condition of the street, but where that condition is due solely to the action of the elements. In a climate where the winter brings frequently recurring storms of snow and rain and sudden and extreme changes in temperature, these dangerous conditions appear with a frequency and suddenness which defy prevention and, usually, correction. Ordinarily they disappear before correction would be practicable by any provision which the city might reasonably be expected to make. It is within common observation that without the presence of snow or rain, from the mere alternations of heat and cold operating upon the frozen earth beneath the walk, there result dangerous conditions of pavements which it would not be possible to prevent or correct. To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable for a city to perform. These views were perhaps sufficiently expanded in the case cited. They derive support *246 from the considerations presented in The Village of Leipsic v. Gerdeman, 68 Ohio St., 1. The demurrer to the petition should have been sustained.
The evidence offered by the plaintiff on the trial of the case made it entirely clear that the omission from the petition of allegations of structural defect in the walk or of any act of the city contributing to the accumulation of ice was not through inadvertence. It also showed without contradiction that the condition of the walk when the plaintiff went upon it was not only plainly visible, but further that he was fully aware of it. That these admitted facts would prevent a recovery even if negligence of the city had been shown is made sufficiently clear in Schaefler v. The City of Sandusky, 33 Ohio St., 246 and The Village of Conneaut v. Naef, 54 Ohio St., 529. The motion to direct a verdict in favor of the city should have been granted. The judgments of the circuit and common pleas courts will be reversed and there will be judgment in favor of the plaintiff in error:

Judgment reversed.

Davis, C. J., Price, Crew. Summers and Spear, JJ., concur.